# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JORDAN HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-01160 (JDB) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary of | ) | |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff Jordan Hospital challenges a decision by the CMS[1] Administrator to remand its Medicare reimbursement appeal to lower agency officials. The Defendant, Michael O. Leavitt, Secretary of Health and Human Services ("the Secretary"), has moved to dismiss for lack of subject matter jurisdiction on the basis that the remand at issue is not a final reviewable decision. Plaintiff argues in its opposition that the Administrator was without authority to remand. However, even assuming arguendo that the remand was ultra vires (and it was not), Plaintiff still must exhaust its administrative remedies before it can seek judicial review. It has failed to do so. In any event, the Secretary acted within his authority in remanding to the agency and his interpretation of the remand regulation is reasonable and due substantial deference.

---

[1] Centers for Medicare & Medicaid Services.

**I.      Plaintiffs have not appealed a Final Decision of the Secretary**

The Medicare statute permits providers to "obtain judicial review" only of "any final

decision of the Board,[2] or of any reversal, affirmance, or modification by the Secretary."  42

U.S.C. § 1395oo(f)(1).  Recognizing that the statute does not permit providers to obtain judicial

review of remands, Plaintiff in its brief before this Court, purports to appeal *the PRRB's*

favorable decision instead of the Administrator's remand.  Pl.'s Mem.[3] at 14.  This argument

fails for several reasons.  First, as Jordan Hospital acknowledges, the PRRB's decision was

favorable to it and "a plaintiff would not normally appeal" such a decision.  Id.  Second,

Plaintiff's Amended Complaint plainly challenges the Administrator's remand decision, and his

purported failure to enforce the Board's decision, and does not seek review of the PRRB's

decision itself.  See Am. Compl. at 14-18 (alleging, inter alia, that the Secretary had a duty to

implement the Board's decision, that the Administrator's remand was ultra vires, that the

Administrator's decision vacating the PRRB's decision was arbitrary and capricious and that the

remand deprived Jordan Hospital of due process).  In any event, the PRRB's decision was

vacated by the Administrator, Def. Ex. 2 at 15, and as a result is a nullity that cannot be

appealed.

Plaintiff also argues that because the Secretary's remand was (purportedly) ultra vires,

the Board's decision became final agency action when the Secretary failed to "act lawfully"

within 60 days as required by 42 C.F.R. § 405.1877(c).  Pl.'s Mem. at 13-14.  Section

405.1877(c) provides that, when the Administrator announces his intent to review a Board

---

[2] Provider Reimbursement Review Board ("PRRB" or "the Board").

[3] Pl.'s Mem. of Points & Auth. in Opp'n to Def.'s Mot. to Dismiss.

decision (as he did here), but fails to "make a decision within the 60 days allotted for his or her review, this subsequent <u>inaction</u> constitutes an affirmance." (Emphasis added.) In this case, the Administrator did <u>not</u> fail to "make a decision within the 60 days allotted," but vacated the Board's decision and remanded to CMS within the deadline for action. CMS has already issued a post-remand final determination. Plaintiff's recourse is therefore to pursue its appeal before the PRRB.[4]

## II.    Even if Improper (and it was Not), the Remand is Not an Appealable Final Decision

As the Secretary has explained, assuming <u>arguendo</u> that the Administrator's remand decision was improper, it is still not a reviewable final agency decision. Def.'s Mem[5] at 17-19. Plaintiff relies on <u>Leedom v. Kyne</u>, 358 U.S. 184 (1958), in support of its claim that the Administrator's remand is appealable. Pl.'s Mem. at 16. However, this case, and other cases applying its holding, support the Secretary's position, not Jordan Hospital's.

In <u>Leedom</u>, a union challenged a certification by the National Labor Relations Board of a bargaining unit which included both professional and nonprofessional employees, where the certification ignored a contrary statutory provision. 354 U.S. at 185. The Supreme Court held that the district court had jurisdiction over the challenge. <u>Id.</u> at 191. Plaintiff appears to suggest that under <u>Leedom</u> a district court would have jurisdiction over a challenge to *any* <u>ultra</u> <u>vires</u>

---

[4] It appears that the fiscal intermediary did not promptly forward CMS's determination to Plaintiff. Plaintiff notes that it only became aware of CMS's November 9, 2007 post-remand decision in January, 2008. Pl.'s Mem. at 4. Nevertheless, because Plaintiff filed suit before CMS even issued its post-remand decision, it is simply not true that "Plaintiff has quite scrupulously followed all of the administrative procedures set forth in the Medicare statute." Pl.'s Mem. at 18.

[5] Def.'s Mem. of Points & Auth. in Supp. of Def.'s Mot. to Dismiss.

interim agency action.  In fact, the D.C. Court of Appeals has made plain that "Leedom jurisdiction is extremely narrow in scope."  Nat'l Air Traffic Controllers Ass'n v. Federal Serv. Impasses Panel, 437 F.3d 1256, 1263 (D.C. Cir. 2006).  According to the D.C. Circuit, a "central" premise in Leedom "was the understanding that barring district court review would have wholly deprived the union of a meaningful and adequate means of vindicating its statutory rights" because its members "had no other means within their control of obtaining judicial review."  Id. (internal quotations omitted).  Therefore, Leedom jurisdiction exists only when a plaintiff can show (1) that "[an] agency has acted in excess of its delegated powers and contrary to a specific prohibition which is clear and mandatory" and (2) that without review by the district court the plaintiff will not have "a meaningful and adequate means of vindicating its statutory rights." Id.  Jordan Hospital has not satisfied either of these requirements.

First, even if the Administrator's remand was ultra vires (and, as shown below, it was not), it was not contrary to any specific prohibition.  Plaintiff nowhere claims that any statute or regulation specifically prohibits the Administrator from remanding to CMS, or otherwise addresses such a remand.  At most, as discussed more fully below, infra pp. 6-7, the statute and regulations are silent or ambiguous as to the Secretary's authority to remand directly to CMS (instead of to the Board).  Second, Plaintiff is able to vindicate its rights by exhausting its administrative remedies, with eventual recourse to federal district court, after the issuance of a final administrative decision. Therefore, Leedom jurisdiction is inapplicable in this matter.

Plaintiff argues that if this Court does not entertain its challenge to the Administrator's remand now, "it will be forever foreclosed from contesting" that remand.  Pl.'s Mem. at 16.  This is simply not true.  When Plaintiff has exhausted its administrative remedies it will ultimately be

able to argue in federal district court that the remand was <u>ultra vires</u> and that the original PRRB decision should be reinstated.[6] The additional time and expense imposed by the remand of this case back to CMS does not exempt Plaintiff from the generally applicable requirement of exhaustion. <u>Boivin v. U.S. Airways</u>, 446 F.3d 148, 158 (D.C. Cir. 2006). If the agency delays unreasonably in taking action, Plaintiff may "bring suit under the Administrative Procedure Act to compel agency action unlawfully withheld or unreasonably delayed," not to appeal the agency's interim decision. <u>Id.</u> (internal quotation omitted).

Plaintiff's reliance on <u>Sullivan v. Finkelstein</u>, 496 U.S. 617 (1990), is likewise misplaced. <u>See</u> Pl.'s Mem. at 16. In <u>Finkelstein</u>, the Secretary was permitted to appeal a district court's remand order in a Social Security case that "essentially invalidated" certain of his regulations relating to disability insurance benefits. 496 U.S. at 624. If the Secretary followed the district court's order on remand, he would have been prevented from adjudicating the claimant's application for benefits pursuant to the challenged regulations, which may have in turn led to a decision favorable to claimant. There was "grave doubt" as to whether the Secretary could have sought review of such a decision. <u>Id.</u> at 625. Thus, the district court's decision might have evaded appellate review if the Secretary could not have appealed the remand order. No such concerns exist here. In this case, Plaintiff can appeal CMS's post-remand decision to the PRRB, and seek further review from the Administrator, if necessary, and then seek judicial review of the

---

[6] Plaintiff claims that if it had waited to challenge the remand order, the Secretary "no doubt would argue that the Plaintiff had missed the appeal deadline for contesting the remand." Pl.'s Mem. at 18. This claim is baseless. The Secretary would not make any such argument because his position is that the regulations do not provide for appeals of remands to either the Board or to CMS. Speculation that the Secretary might make a frivolous jurisdictional argument in the future cannot support an exception to the general requirement that Plaintiff must exhaust its administrative remedies before it may obtain judicial review.

resulting final agency decision if that decision continues to be unfavorable. At that time, Plaintiff can raise all issues concerning the lawfulness of the agency's decision, including any issues regarding the Administrator's remand authority.

Plaintiff also asserts that exhausting its remedies below is "extremely unlikely" to "result in a favorable decision" for it. Pl.'s Mem. at 21. Even if true, this does not support an exception to the administrative exhaustion requirement. In order to come within the terms of the so-called "futility exception," Plaintiff would have to show that it is "certain that [its] claim will be denied on appeal." Boivin, 446 F.3d at 157 (emphasis in original) (internal quotation omitted). Plaintiff does not, and cannot, claim such certainty. CMS has even stated its willingness to reopen its decision if Plaintiff supplies certain documents.[7] Def.'s Mem. at 10. Alternatively, Plaintiff can appeal CMS's post-remand determination to the PRRB.

## III.    The Administrator Has the Authority to Remand to CMS

The Secretary's interpretation of his own regulations "must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation." Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994) (internal quotation omitted). The Court must "defer to the Secretary's interpretation unless an alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation." Id. (internal quotation omitted). Here, the Secretary's construction of the

---

[7] Plaintiff claims that CMS's offer to reopen its exception request if it supplies certain documentation evidences that the agency wants "a limitless opportunity for a 'bite at the apple.'" Pl.'s Mem. at 12. This suggestion cannot be taken seriously. The post-remand decision states plainly that it is a "final determination." Def. Ex. 3 at 1. It is undisputed that Plaintiff may elect to appeal this determination to the PRRB without submitting further documentation to CMS, if it chooses.

remand regulation to permit him to remand to CMS is consistent with the language of the regulation, consistent with the agency's contemporaneous interpretation, and reasonable.

### A.    The Secretary's Interpretation is Consistent with the Plain Language of the Regulation

42 C.F.R. § 405.1875(g) provides that if the Administrator reviews a Board decision, he or she will "affirm, reverse, modify or remand the case" without specifying what body may be the object of the remand.  The Secretary's position is that § 1875(g) by its terms permits the Administrator to remand to CMS, as well as to the PRRB.  Def.'s Mem. at 17.  Because the regulation does not explicitly limit remands to the PRRB, an alternative reading is certainly not "compelled" by its plain language.

Plaintiff argues that the scope of § 1875(g) is defined by § 1875(h).  Pl.'s Mem. at 6. Section 1875(h) sets forth certain procedures and criteria for remands to the PRRB specifically. Plaintiff claims that the specific reference to the Board in § 1875(h) demonstrates conclusively that § 1875(g) permits remands only to the Board.  However, even if Plaintiff's interpretation of § 1875(g) and (h) is a plausible one, it is not "compelled" by their text.  The Secretary's interpretation is equally consistent with the text because only § 1875(h) specifically refers to the PRRB.  In other words, the Secretary construes § 1875(g) to permit remands to either the agency or the Board, whereas he recognizes that § 1875(h) sets forth rules specifically for Board remands. If the Secretary "completely ignores" § 1875(h), Pl.'s Mem. at 9, that is because § 1875(h) speaks specifically to PRRB remands and § 1875(g) is not so limited. Had the drafters of § 1875(g) intended for that regulation to be limited to the PRRB, they could have made their intent clear by, for example, including a reference to the Board in that provision as they did in § 1875(h).

Even if the Court concludes that the plain language does not confer this authority on the Administrator, the absence of a specific reference to the PRRB in § 1875(g) makes the regulation at most ambiguous and the Secretary is therefore entitled to substantial deference in construing it.  Def.'s Mem. at 17.

**B.    The Agency Has Never Interpreted the Regulation to Foreclose Remands to CMS**

Plaintiff relies on the agency's statements at the time the remand rule was promulgated to show that "CMS never contemplated anything other than" remands to the PRRB.  Pl.'s Mem. at 8.  It does appear from these discussions that, at the time of promulgation, the agency was focused on remands to the PRRB, and did not specifically address remands to the agency.[8/] Plaintiff mistakenly argues that it follows from this silence that CMS has affirmatively interpreted the regulation to permit remands to the PRRB only.  Pl.'s Mem. at 9.  However, this conclusion does not follow.  Rather, because the regulation and contemporaneous agency interpretation are silent on this specific point, the Secretary is entitled to deference.  Tenet Healthsystems Healthcorp v. Thompson, 254 F.3d 238, 248 (D.C. Cir. 2001) (holding that

---

[8/] As Plaintiff notes, when the remand regulation was promulgated, it grew out of the decision in Gulf Coast Home Health Serv., Inc. v. Califano, CCH Medicare & Medicaid Guide ¶ 29,250 (D.D.C. 1978) (holding that the Administrator had authority to remand to PRRB despite the [then] absence of an explicit grant of authority).  Pl.'s Mem. at 8.  Plaintiff states that the Secretary interpreted that case as holding that "'the Administrator has the inherent power to remand to the previous decision maker.'"  Pl.'s Mem. at 8 (emphasis added) (quoting 48 Fed. Reg. at 45,771).  However, Gulf Coast explicitly stated that "[r]eviewing bodies are generally considered to have inherent powers to remand to the initial decision maker, and administrative reviewers should not be deemed to lack such power, absent an explicit statutory bar."  CCH Medicare & Medicaid Guide ¶ 29,250 (emphasis added).  Thus, the Secretary's position that the Administrator here had the authority to remand to CMS is logically consistent with the court's view expressed in Gulf Coast, because here the "initial decision maker" was CMS, not the Board, and there is no explicit statutory bar to such a remand.

8

"[w]hen an agency regulation is silent or ambiguous with respect to the specific point at issue," the Court "must defer to the agency's interpretation as long as it is reasonable" ). Plaintiff concedes that in the preamble to the remand regulations, the Secretary "made numerous references to a remand to the Board and no references to a remand to CMS." Pl.'s Mem. at 9. Plaintiff does not, and cannot, claim that the agency has considered and rejected giving the Administrator such authority. When, as here, "the language of a regulation does not speak clearly to the precise question at issue in a case . . . the court must give substantial deference to the agency's resolution of the resulting ambiguity." Milton Hosp. Transitional Care v. Thompson, 377 F. Supp. 2d 17, 24 (D.D.C. 2005) (internal quotations omitted). The Secretary's interpretation is therefore entitled to substantial deference so long as it is reasonable. And the Secretary's interpretation is reasonable, as explained in Defendant's Memorandum, and below. Def.'s Mem. at 17; infra pp. 11-12.

##### C.    The Secretary Has Not Modified His Interpretation of the Regulation

Plaintiff mistakenly argues that the Secretary's interpretation that the Administrator has authority to remand directly to the agency is not entitled to deference because it is "inconsistent with" the agency's interpretation of the remand rule at the time it was promulgated. Pl.'s Mem. at 10. It "is true that an agency's interpretation of a . . . regulation that conflicts with a prior interpretation is entitled to considerably less deference than a consistently held agency view." Thomas Jefferson, 512 U.S. at 516 (emphasis added) (internal citation omitted). However, an earlier failure to address an issue cannot demonstrate an inconsistency with a policy that does address that issue. Id. There has simply been no "conflict" with a prior interpretation here. The propositions that the Administrator has the authority to remand to the PRRB and that he has the

authority to remand to CMS are not inconsistent with one another.

Plaintiff further claims that the Secretary can only modify this purported earlier interpretation through the notice and comment process. Pl.'s Mem. at 10 (relying on <u>Alaska Prof'l Hunters Ass'n, Inc. v. FAA</u>, 177 F.3d 1030 (D.C. Cir. 1999) & <u>Paralyzed Veterans of Am. v. D.C. Arena L.P.</u>, 117 F.3d 579 (D.C. Cir. 1997)). This argument fails because, as just explained, the Secretary has never articulated an inconsistent interpretation. Because the Secretary has never "authoritatively adopted a position contrary" to the proposition that he may remand to CMS, <u>id.</u> at 587, he need not "modify" any such position through notice and comment rulemaking. <u>See</u> <u>Torch Operating Co. v. Babbitt</u>, 172 F. Supp. 2d 113, 125 (D.D.C. 2001) ("the agency must have adopted an initial interpretation of [a] rule with sufficient authority" before a court will find its change in interpretation to have violated the APA) (citing <u>Paralyzed Veterans</u> & <u>Alaska Prof'l Hunters</u>). Plaintiff has not identified any instance in which the Secretary has articulated the contrary position -- that he is without authority to remand to CMS.

Plaintiff's argument that the Secretary's interpretation is "transparently a product of advocacy in litigation" that is not entitled to deference is also incorrect. Pl.'s Mem. at 10. Not only has the Secretary never adopted a contrary position, he has acted consistent with this position in the past by remanding to CMS in other cases. <u>See e.g.</u>, <u>Goleta Valley Cmty Hosp. v. Leavitt</u>, No. 05-2323, 2006 WL 4050410, at *5 (D.D.C. Dec. 21, 2006) (Robinson, M.J.) (noting that Administrator had remanded the case to CMS for further review)[9]; <u>St. Joseph's Health Svc.</u>

---

[9] Plaintiff is correct that the hospital in <u>Goleta Valley</u> did not raise Jordan Hospital's precise argument – that the remand to CMS was <u>ultra vires</u>. Pl.'s Mem. at 15. Rather, the plaintiff in that case argued that the remand was really an appealable "reversal" of the PRRB decision, Def.'s Mem. at 16, perhaps because it rightly assumed that while reversals of PRRB decisions

v. BlueCross BlueShield Ass'n, 2005 WL 3741453, at *8 (July 13, 2005) (Administrator review of PRRB decision) (remanding matter to CMS).  To be sure, the Administrator does not remand directly to CMS often, but that is because he has occasion to do so only when the initial decision maker is the agency (as opposed to the fiscal intermediary).  Thus, the fact that the Administrator does not remand directly to CMS often does not demonstrate that the Secretary's position that he has the authority to remand to CMS is novel, or a mere litigating position.**10/**

Concededly, this interpretation has been implicit in the Administrator's practice, past and present.  Here, for example, the Administrator did not explicitly address his authority to remand to CMS in the remand decision itself.  But he had no reason to believe his authority to do so was in question, especially when the agency had been instructed in Gulf Coast that it had inherent authority to remand to the "initial decision maker," supra p. 8 n.8, and when there is no explicit statutory or regulatory bar on such remands.  It does not follow from the Administrator's silence that his view concerning his remand authority is a mere litigating position and not the agency's fair and considered position.

**D.    The Secretary's Construction is Reasonable**

The Secretary's conclusion that the Administrator has the authority to remand directly to CMS is reasonable for two reasons.  First, as explained above, the Secretary's interpretation is

---

are reviewable in federal district court, remands to CMS are not.  Nonetheless, Goleta Valley did hold that the court was without jurisdiction to review the Administrator's remand to CMS.

**10/** Assuming arguendo that the Secretary's interpretation were a litigating position (and it is not), that does not necessarily mean it would not be accorded deference. Fabi Constr. Co. v. Secretary of Labor, 508 F.3d 1077, 1081 (D.C. Cir. 2007) ("[d]eference to the Secretary's interpretation of her regulations may even hold when that interpretation first appears in the course of litigation") (citing Auer v. Robbins, 519 U.S. 452, 462 (1997)).

fully consistent with the text of the remand regulation.  Supra pp. 6-7.

Second, the Secretary's interpretation promotes judicial economy.  Def.'s Mem. at 17.
Plaintiff argues that the Secretary's interpretation does not promote efficiency because this
particular matter has already dragged on for some time and has been expensive to litigate.  Pl.'s
Mem. at 11.  However, it is undisputed that the Secretary has the authority to remand to the
Board with instructions for the Board to remand to the agency.  Def.'s Br. at 17. A remand to the
Board with instructions for the Board to remand to CMS itself would only have slowed down the
process.  Moreover, the requirement of administrative exhaustion promotes judicial economy
through its general applicability, without regard to the length or cost of any particular
proceeding.[11/]

Plaintiff also argues that a remand to CMS was unnecessary.  As a threshold matter,
whether this particular remand was "necessary" is not relevant to whether the Administrator has
the authority generally to remand to CMS.  In any event, this remand was justified. The
Administrator remanded for CMS to consider criteria set forth in St. Elizabeth's Med. Ctr. of
Boston v. Thompson, 396 F.3d 1228 (D.C. Cir. 2005).  Plaintiff argues that this remand was
unnecessary because the Board considered that case in its decision and both Plaintiff and
opposing counsel cited to it in the hearing before the Board.  Pl.'s Mem. at 12.   However, St.
Elizabeth's issued on February 4, 2005, after CMS had made its determination concerning the
disputed exemption request.  The Notice of Program Reimbursement reflecting CMS's denial of
Plaintiff's exemption request issued on September 25, 2000.  Def.'s Mem. at 9.  Therefore, as the
Administrator noted, "no determination ha[d] been made by CMS as to whether the prior owner

---

[11/] As discussed above, supra p.5, Plaintiff has remedies under the APA if the agency
unreasonably delays its action.

was 'primarily engaged' in providing SNF or rehabilitative services," as required by St. Elizabeth's.  Def. Ex. 2 at 15 (emphasis added).

## IV.    42 U.S.C. § 1395oo(f) is the Exclusive Source of Federal Court Jurisdiction Over this Dispute

The Secretary will not repeat here his general discussion of jurisdiction under the Medicare statute.  See Def.'s Mem. at 12-14.  Plaintiff's argument for federal question jurisdiction relies on the argument that if it is not permitted to contest the remand before this Court, it will never have an opportunity to do so.  Pl.'s Mem. at 19-20.  Again, this claim is without merit.  Plaintiff will be able to challenge the remand once it has exhausted its administrative remedies.  Therefore, all of the cases cited by Plaintiff for the proposition that federal question jurisdiction exists "where to conclude otherwise would effectively preclude judicial review," Pl.'s Mem. at 19, are irrelevant.

Neither is mandamus jurisdiction available.  Def.'s Mem. at 14.  Mandamus is limited to situations in which "the defendant owes . . . a clear and nondiscretionary duty" to the plaintiff.  Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Plaintiff claims that the Secretary had a clear duty to enforce the PRRB's order.  Pl.'s Mem. at 21.  This argument simply restates Plaintiff's position that the Secretary was without authority to remand, and therefore the Board's decision became final.  Plaintiff claims the Secretary "did not take any of the actions that would render the Board decision an interim decision" before May 3, 2007 and this "failure to act renders the Board's decision final."  Pl.'s Mem. at 14, 20.  In fact, the Secretary vacated[12] the Board's

---

[12] Plaintiff's suggestion that this Court has jurisdiction over the Administrator's decision as to fiscal years 1996 and 1997 is without merit.  Pl.'s Mem. at 21. The Administrator vacated the entire PRRB decision. Plaintiff's suggestion that this Court should review just that portion of the remand decision which addressed the Board's jurisdiction over cost years 1996 and 1997, Pl.'s Mem. at 21, would entail the sort of piecemeal review that the administrative exhaustion

decision and remanded it on April 30, 2007.  Def. Ex. 2 at 15.  The Secretary has already

explained why this action was permissible under the statute and regulations.  At most, the

regulation is ambiguous as to whether the Secretary may remand directly to CMS.  Supra p.7.

Certainly no duty in this regard is so plain as to support mandamus.

      Moreover, even if the Secretary's remand was <u>ultra</u> <u>vires</u> (and as explained above, it was

not), mandamus is available only where a plaintiff has exhausted all other avenues of relief,

which Plaintiff has not done. Def.'s Mem. at 14.

<u>CONCLUSION</u>

      For the foregoing reasons, and for the reasons set forth in Defendant's Memorandum, the

Secretary respectfully requests that the Court dismiss Plaintiff's complaint with prejudice.

               Respectfully submitted,

               _____/s/_____
               JEFFREY A. TAYLOR
               United States Attorney
               D.C. Bar No. 498610

               _____/s/_____
               CHRISTOPHER B. HARWOOD
               Assistant United States Attorney
               N.Y. Reg. No. 4202982
               Civil Division
               555 4th St., N.W.
               Washington, D.C. 20530
               (202) 307-0372

---

requirement is intended to avoid.  Plaintiff's complaint that the Secretary failed to explain in his
opening brief how the Administrator handled the different fiscal years at issue in the Board's
decision, Pl.'s Mem. at 3, is inaccurate.  <u>See</u> Def.'s Mem. at 9, 10 n.10.

      _____/s/_____
BRIDGETTE KAISER
Attorney
D.C. Bar No. 492406
U.S. Department of Health and Human Services
Office of the General Counsel-CMS Division
Room 5309 Cohen Building
330 Independence Ave., S.W.
Washington, D.C. 20201
(202) 205-5872

OF COUNSEL:

JAMES C. STANSEL
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
Counsel for Litigation

United States Department of
Health and Human Services

15