UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JORDAN HOSPITAL,<br><br>        Plaintiff,<br><br>        vs.<br><br>MICHAEL O. LEAVITT, Secretary of the<br>United States Department of Health and<br>Human Services,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:07-cv-01160<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

    Defendant's recent amendment to his remand regulation contradicts one of the principal arguments set forth in his Motion to Dismiss this case. Defendant argues that that 42 C.F.R. § 405.1875(g) permits the Administrator of the Centers for Medicare and Medicaid Services ("CMS") to remand a final decision of the Provider Reimbursement Review Board ("PRRB" or "Board") to CMS. Defendant stated that, "[i]t is the Secretary's view that the plain language of section 405.1875(g) permits the Administrator to remand either to CMS or the Board." (Mem. Supp. Def.'s Mot. to Dismiss 17.) Defendant also stated that, "[t]he Secretary's position is that [42 C.F.R.] § 1875(g) by its terms permits the Administrator to remand to CMS as well as to the PRRB. (Def.'s Reply to Pl.'s Opp'n to Def's Mot. to Dismiss 7.)

    On May 23, 2008, Defendant issued regulations to amend the procedural rules related to PRRB appeals. Medicare Program: Provider Reimbursement Determinations and Appeals, 73 Fed. Reg. 30,190 (May 23, 2008) (to be codified at 42 C.F.R. pt. 405). In that final regulation, Defendant included an amendment to give the Administrator the authority to remand a final decision of the PRRB to "any component of HHS or CMS." Id. at 30,263-64 (to be codified at 42 C.F.R. § 405.1875(f)(5)). If Defendant were correct that 42 C.F.R. § 405.1875(g) "by its terms" conferred on the Administrator the authority to remand a decision of the PRRB to CMS,

there would be no need to add a second regulatory provision giving the Administrator that same authority.[1]

Principles of statutory construction are relevant to the interpretation of Defendant's amended regulation. The Supreme Court has stated that, "[w]hen Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect" and that the reasonable construction of an amendment is "not just to state an already existing rule." Stone v. I.N.S., 514 U.S. 386, 397, 115 S. Ct. 1537, 1545 (1995). Applying this principle to the present case, Defendant's decision to amend his regulation must be presumed to be relevant and significant, and therefore grants authority not previously granted under the regulations. Significantly, Defendant does not describe this change to the regulations as a clarification; rather that "we specified that the Administrator would have the authority to remand a matter not only to the Board, but also to any component of HHS or CMS or to an intermediary." 73 Fed. Reg. 30,228 (May 23, 2008) (emphasis added); see also 69 Fed. Reg. 35,739 (June 25, 2004) (proposed rule).

Defendant's statements in the preamble to this regulation contradict his assertion before this Court that his authority to remand to CMS is plainly permitted. Defendant acknowledges, in fact, that several courts have rejected his remand authority. Defendant states that he recognizes that there is a split of judicial authority on the question of whether the Administrator has the authority to remand to any entity, even to the PRRB, and cites Gulf Coast Home Health Servs., Inc. v. Califano, 1978 U.S. Dist. LEXIS 15069 (D.D.C. Oct. 6, 1987) as espousing the "better view." 73 Fed. Reg. at 30,228. As Defendant suggested in this preamble discussion, at least two courts have held that, because 42 U.S.C. § 1395oo(f)(1) gives authority to the Secretary (or delegate) only to reverse, affirm, or modify a PRRB decision, the Secretary has no remand authority. Boulder Cmty. Hosp. v. Heckler, No. CA 85-0031, 1985 WL 81771, at * 1 (D.D.C. Oct. 3, 1985); Lifemark Hosps. of Mo., Inc. v. Sullivan, No. 91-4168-cv-c-5, 1992 WL 159781, at *2 (W.D. Mo. Apr. 2, 1992). The court in another recent case stated that, "[i]t is unnecessary to reach the thorny issue of whether the statute grants remand authority to the Administrator" because remand for the purpose of supplementing the record with evidence that existed at the time of the PRRB hearing is clearly prohibited by the regulations. County of Los Angeles v. Thompson, 2001 U.S. Dist. LEXIS 24630 (June 6, 2001). Accordingly, it is questionable whether the Medicare statute gives the Secretary the power to remand to any entity, including the PRRB.

---

[1] 42 C.F.R. § 405.1875(g) has been modified slightly and will be recodified at § 405.1875(e)(i). It now states:

> (e) *Administrator's decision* (1) Upon completion of any review, the Administrator may render a written decision that –
> (i) For purposes of review of a Board decision specified in paragraph (a)(2) of this section, affirms, reverses, or modifies the Board's decision, or vacates that decision and remands the case to the Board for further proceedings in accordance with paragraph (f)(1)(i) of this section....

73 Fed. Reg. at 30,263.

For the foregoing reasons, and for the reason set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, Defendant's Motion should be denied.

                                      Respectfully submitted,

                                      _____
                                      /s/Barbara S. Williams
                                      (D.C. Bar No. 396582)
                                      Ronald S. Connelly
                                      (D.C. Bar No. 488298)
                                      POWERS PYLES SUTTER & VERVILLE, PC
                                      1501 M St., NW, 7th Floor
                                      Washington, DC 20005
                                      (202) 466-6550
                                      Counsel for Plaintiff, Jordan Hospital

Date: July 25, 2008