UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JORDAN HOSPITAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-01160 (JDB) |
| ) | |
| MICHAEL O. LEAVITT, Secretary of ) | |
|    Health and Human Services, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**

On May 23, 2008, the Secretary published a final rule which, inter alia, clarifies that the Administrator has the authority to remand not only to the Provider Reimbursement Review Board ("PRRB" or "Board"), but also to "any component of HHS or CMS or to an intermediary under appropriate circumstances." 73 Fed Reg. 30190, 30263-64 (to be codified at 42 C.F.R. § 405.1875(f)(5)). Although the final rule is not applicable to this case,[1] it is fully consistent with the Secretary's arguments before this Court.

Plaintiff's Supplemental Memorandum[2] mischaracterizes the import of the new rule for this case in two fundamental ways. First, Plaintiff suggests that the Secretary would not have amended the regulation unless the revision "grants authority not previously granted under the regulations." Pl's. Suppl. Mem. at 2. "Significantly," claims Plaintiff, "Defendant does not describe this change to the regulations as a clarification." Id. In fact, the Secretary's preamble to the new rule expressly describes several of its changes, including the one at issue here,

---

[1] The final rule is effective August 21, 2008. 73 Fed. Reg. 30190.

[2] Pl.'s Suppl. Mem. in Opp'n to Def.'s Mot. to Dismiss.

collectively as "clarifications."

> In the proposed rule, we offered *clarifications* to the existing procedures for obtaining Administrator review of a Board decision. For example . . . . In addition, we specified that the Administrator would have the authority to remand a matter not only to the Board, but also to any component of HHS or CMS, or to an intermediary.
>
> We are adopting our proposed *clarifications*.

73 Fed. Reg. 30228 (emphasis added). Moreover, the fact that the new regulation makes this authority explicit in no way undermines the Secretary's argument that the current regulation – which is silent as to the permissible bodies to which the Administrator can remand – permits the Administrator to remand to CMS when warranted, or that "[a]t most" this "silence makes the provision ambiguous." Def's Mem.[3] at 17.

Second, Plaintiff is mistaken in claiming that certain of the Secretary's preamble comments concerning the new regulation somehow contradict the Secretary's position before this Court. Pl.'s Suppl. Mem. at 2. In making this argument, Plaintiff attempts to interject an entirely new theory into the case – namely, that the Secretary may not have the power to remand to any entity, *even to the PRRB* – on the basis of the preamble to the new regulation. Id. The parties' briefs contain no discussion of any supposed conflict between the remand regulation and the Medicare statute that might entirely deprive the Secretary of his remand authority because Plaintiff *never challenged* the Secretary's authority to remand to the PRRB. Rather, the parties disagreed only about the scope of the Administrator's authority to remand; the parties assumed that the Secretary could remand to the PRRB. In fact, in its opposition, Plaintiff discussed the remand regulation 42 C.F.R. § 405.1875(g) and (h) at length, arguing that it permits the

---

[3] Mem. of Pts & Auth. in Supp. of Def.'s Mot. to Dismiss.

Administrator to remand only to the Board, without ever suggesting that this regulation was itself inconsistent with the Medicare statute and that the Secretary therefore lacked any remand authority at all.  Pl.'s Opp'n at 5-7.  Indeed, the Secretary stated in his opening brief that Plaintiff's interpretation of the remand regulation "would apparently require the Administrator, when he or she feels that further investigation by CMS is warranted, to remand to the PRRB with instructions for the Board to then remand to the agency."  Def.'s Mem. at 17.  Plaintiff never contradicted this understanding of its legal theory, as the Secretary observed in his Reply.  See Def.'s Reply[4/] at 12 (noting that the Administrator's authority to remand to the Board with instructions for it to remand to CMS had gone undisputed).

    Plaintiff should not be allowed to inject this new theory at this stage.  Since promulgating his remand regulation in 1983, the Secretary has consistently taken the position that the Administrator has the authority to remand to the Board – authority that went unchallenged by Plaintiff until Plaintiff's Supplemental Memorandum.  The most recent case relied upon by Plaintiff in its supplemental filing was decided in 2001; the others were decided in the 1980's or early 1990's.  Thus, Plaintiff could easily have relied on these cases in formulating its original theory of this case had it wanted to do so.  That the Secretary recently acknowledged the existence of some contrary authority regarding remands to the Board (and disagreed with this authority) in the context of reiterating his long-held position in response to comments to a proposed rule should not provide a vehicle for Plaintiff to raise a new issue at this point. Notably, none of the cases cited by Plaintiff in its Supplemental Memorandum has to do with the Administrator's authority to remand to CMS, the basis of Plaintiff's challenge before this

---

[4/] Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss.

Court.[5]  Of course, the question of whether the remand was <u>ultra</u> <u>vires</u> because the Secretary can remand only to the Board (according to Plaintiff's Opposition) or cannot remand at all (as suggested in its Supplemental Memorandum), is one that should not be addressed in federal district court unless and until Plaintiff appeals from a final decision of the Secretary.  Def.'s Mem. at 17-19; Def.'s Reply at 3-6.  As Defendant has explained, Plaintiff has not yet exhausted its administrative remedies.  Def.'s Mem. at 14-17; Def.'s Reply at 2-3.

## CONCLUSION

For all the foregoing reasons, and all the reasons set forth in Defendant's Memorandum and Reply, the Court should grant Defendant's Motion to Dismiss.

---

[5] In any event, the Secretary disagrees that the actual holdings of each of the cases cited by Plaintiff support its claim that "it is questionable whether the Medicare statute gives the Secretary the power to remand to any entity."  Pl.'s Suppl. Br. at 2.  The Secretary will not attempt to fully brief the purported invalidity of his regulation in this supplemental filing except to say that the import of at least some of the cases Plaintiff cites is not at all clear.  For example, <u>County of Los Angeles v. Thompson</u> found the remand at issue to be inconsistent with 42 C.F.R. § 405.1875(h).  2001 WL 1946126, at *3 (D.D.C. June 6, 2001).  Section 405.1875(h) does not apply to the remand at issue in this case.  Def.'s Reply at 7 (noting that § 1875(h) refers explicitly to Board remands only).

<u>Boulder Cmty Hosp. v. Heckler</u>, 1985 WL 81771 (D.D.C. Oct. 3, 1985), does appear to suggest that remands to the Board by the Secretary are not permitted by statute, but offers no discussion or analysis of the Secretary's remand regulation.  Instead, that case states that the remand order at issue was contrary to <u>St. Mary of Nazareth Hosp. Ctr. v. Heckler</u>, 587 F. Supp. 937 (D.D.C. 1984).  <u>St. Mary of Nazareth</u>, in turn, denied the Secretary's motion for a remand which sought to develop evidence beyond the scope of the Court of Appeals' instructions to the district court because "the Court of Appeals issued specific directions, not an open-ended mandate for further administrative proceedings."  <u>Id.</u> at 939.

4

                    Respectfully submitted,

                    _____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

                    _____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
N.Y. Reg. No. 4202982
Civil Division
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0372

                    _____/s/_____
BRIDGETTE KAISER
Attorney
D.C. Bar No. 492406
U.S. Department of Health and Human Services
Office of the General Counsel-CMS Division
Room 5309 Cohen Building
330 Independence Ave., S.W.
Washington, D.C. 20201
(202) 205-5872

OF COUNSEL:

THOMAS R. BARKER
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
Counsel for Litigation

United States Department of
Health and Human Services